Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Fax: (718) 353-6288
Email: qfan@hanglaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Ming Lin,<br><br>         Plaintiff,<br><br>    - against -<br><br>IKKO Japanese Steakhouse LLC. d/b/a IKKO Hibachi Steak House & Sushi Bar, Tian You Chen, Yun Qiang Wu, Bo Hua Zhu, Ai Ju Dai, Zhen Jie Chen, Yong Wu, Xue Zhong Chen, John Doe a/k/a "Jerry",<br><br>         Defendants. | Case No. 3:19-cv-20654<br><br>**COMPLAINT** |

Plaintiff Ming Lin ("Plaintiff" or "Plaintiff Lin"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants IKKO Japanese Steakhouse LLC. d/b/a IKKO Hibachi Steak House & Sushi Bar, Tian You Chen, Yun Qiang Wu, Bo Hua Zhu, Ai Ju Dai, Zhen Jie Chen, Yong Wu, Xue Zhong Chen, John Doe a/k/a "Jerry" (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1. This is an action brought by Plaintiff, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et

seq. ("NJWHL" hereinafter), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, overtime compensation for all hours worked over forty (40) each week, and improper retention of tips.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to NJWHL that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff Ming Lin is a resident of New York State and was employed by the Defendants' restaurant, IKKO Japanese Steakhouse, LLC. d/b/a IKKO Hibachi Steak House & Sushi Bar, ("IKKO Steakhouse" hereinafter) located at 107 Brick Plaza, Brick Township, New Jersey 08723.

8. Plaintiff Lin was hired as a hibachi chef, from October 1, 2014 to February 17, 2018, and then from May 14, 2018 to November 2, 2019.

## DEFENDANTS

9. Upon information and belief, Defendant, IKKO Steakhouse had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, IKKO Steakhouse purchased and handled goods moved in interstate commerce.

10. IKKO Steakhouse has about 30 employees. Among them are 4 kitchen workers, 5 hibachi chefs, 8 waiters and cashiers, 5 sushi chefs, 2 dish washers, 2 busboys and some part-time employees.

### *Individual Defendants*

11. Upon information and belief, Defendant Tian You Chen (or "John", hereinafter "Defendant Chen") is the registered member, owner, principal, and/or managing agent of IKKO Steakhouse at 107 Brick Plaza, Brick Township, New Jersey 08723 and participated in the day-to-day operations of IKKO Steakhouse. Thus, Defendant Chen acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Chen is jointly and severally liable with IKKO Steakhouse.

12. Upon information and belief, Defendant Yun Qiang Wu ("Defendant Wu") is the registered member, principal, and/or managing agent of IKKO Steakhouse at 107 Brick Plaza, Brick Township, New Jersey 08723 and participated in the day-to-day operations of IKKO Steakhouse. Thus, Defendant Wu acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Wu is jointly and severally liable with IKKO Steakhouse.

13. Upon information and belief, Defendant Bo Hua Zhu ("Defendant Zhu") is the registered member, owner, principal, and/or managing agent of IKKO Steakhouse at 107 Brick Plaza, Brick Township, New Jersey 08723 and participated almost in the day-to-day operations of IKKO Steakhouse. Thus, Defendant Zhu acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Zhu is jointly and severally liable with IKKO Steakhouse.

14. Upon information and belief, Defendant Ai Ju Dai ("Defendant Dai") is the registered member, principal, and/or managing agent of IKKO Steakhouse at 107 brick Plaza, Brick Township, New Jersey 08723. Thus, Defendant Dai acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Dai is jointly and severally liable with IKKO Steakhouse.

15. Upon information and belief, Defendant Zhen Jie Chen ("Defendant Zhen Jie") is the registered member, principal, and/or managing agent of IKKO Steakhouse at 107 Brick Plaza, Brick Township, New Jersey 08723. Thus, Defendant Zhen Jie acted intentionally and maliciously

4

in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Zhen Jie is jointly and severally liable with IKKO Steakhouse.

16. Upon information and belief, Defendant Yong Wu ("Defendant Yong") is the member, owner, principal, and/or managing agent of IKKO Steakhouse at 107 Brick Plaza, Brick Township, New Jersey 08723 and participated almost in the day-to-day operations of IKKO Steakhouse. He interviewed Plaintiff and determined Plaintiff's salary rate. During Plaintiff's employment in IKKO Steakhouse, Defendant Yong personally supervised him. He personally gave paychecks or cash to Plaintiff. Plaintiff got paid in cash only and a combination of cash and checks alternatively. Thus, Defendant Yong acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Yong is jointly and severally liable with IKKO Steakhouse.

17. Upon information and belief, Defendant Xue Zhong Chen ("Defendant Xue Zhong") is the member, owner, principal, and/or managing agent of IKKO Steakhouse at 107 brick Plaza, Brick Township, New Jersey 08723 and participated almost in the day-to-day operations of IKKO Steakhouse. Thus, Defendant Xue Zhong acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Xue Zhong is jointly and severally liable with IKKO Steakhouse.

18. Upon information and belief, Defendant John Doe a/k/a "Jerry" ("Defendant Jerry") is the member, owner, principal, and/or managing agent of IKKO Steakhouse at 107 brick Plaza, Brick Township, New Jersey 08723 and participated almost in the day-to-day operations of Honshu

Sushi. Thus, Defendant Jerry acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Jerry is jointly and severally liable with IKKO Steakhouse.

### *Corporation Defendants*

19. Upon information and belief, Defendant IKKO Steakhouse, is a domestic corporation organized under the laws of the New Jersey State with a principle business address at 107 Brick Plaza, Brick Township, New Jersey 08723.

20. Upon information and belief, Defendant IKKO Steakhouse is owned by Defendants Chen, Zhu, Yong, Xue Zhong and Jerry, with Defendants Chen, Wu, Zhu, Dai, Zhen Jie being the registered members, principals and managers. Thus, IKKO Steakhouse is jointly and severally liable with the above individual defendants, i.e., owners, members, principals and the managers.

21. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by IKKO Steakhouse.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation for all hours worked over forty (40) each week in violation of the NJWHL.

23. Plaintiff Lin has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## **STATEMENT OF FACTS**

24. Defendants committed the following alleged acts knowingly, intentionally and willfully.

25. Defendants knew that the nonpayment of overtime compensation would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26. From October 1, 2014 to February 17, 2018, and from May 14, 2018 to November 2, 2019, Plaintiff Lin was hired by Defendants to work as a hibachi chef for Defendants' restaurant business located at 107 Brick Plaza, Brick Township, New Jersey 08723.

27. On February 17, 2018, Plaintiff Lin left the business. Then the Defendants asked him to come back to work, with increased salaries. After that, Plaintiff Lin worked for Defendants from May 14, 2018 to November 2, 2019.

28. Throughout his employment with the Defendants, Plaintiff Lin worked five and half (5.5) days per week in slow season (form September until June in next year), and worked six (6) days per week in busy season (usually in July and August).

29. Throughout his employment with the Defendants, Plaintiff Lin worked from 10:30 am until 2:30 pm, and then worked from 4:15 pm until 10:00 pm from Mondays to Thursdays. On both Fridays and Saturdays, Plaintiff Lin worked from 10:30 am until 2:30 pm and then from 4:15 pm until 11:00 pm. On Sundays, Plaintiff Lin worked form 2:00 pm until 9:30 pm without any uninterrupted breaks.

30. Upon information and belief, in slow season, Plaintiff Lin had three (3) days off biweekly. Usually, Plaintiff Lin had his off on Mondays or Tuesdays. However, every five (5) weeks, he would have a Sunday off instead of Monday or Tuesday, which means on that week Plaintiff would work 2.25 hours more. In busy season, Plaintiff Lin had two (2) days off biweekly and never had Sundays off. Usually, Plaintiff Lin had his lunch break, but Plaintiff Lin had to work during his lunch break on average one (1) time per week for one and three quarters (1.75) hours.

31. Upon information and belief, during slow season, Plaintiff Lin worked five and a half (5.5) days, approximately fifty-six (56) hours per week. In busy season, Plaintiff Lin worked approximately sixty (60) hours per week.

32. Before 2016, Plaintiff Lin was paid at a fixed rate of $100 per day, regardless of his actual hours worked. Through year 2016 to February 17, 2018, Plaintiff Lin was paid at a fixed rate of $105 per day, regardless of his actual hours worked. From May 14, 2018 until November 2, 2019, Plaintiff Lin was paid at a fixed rate of $118 per day, regardless of his actual hours worked.

33. Plaintiff Lin was paid bi-weekly and it would alternative between cash only and cash and check. The first two (2) weeks, Plaintiff Lin was paid cash only. The second two (2) weeks, Plaintiff Lin was paid around $381 in check and the rest of his salaries in cash. This cycle lasts throughout Plaintiff Lin's employment with Defendants.

34. Every year Plaintiff Lin would receive $200 bonus during the Chinese New Year time.

35. Every time when Plaintiff received payments for his salaries, Defendants would ask him to sign his name to confirm that he received his payment for that period. However, Plaintiff was not able to check any information on that paper because Defendants deliberately covered all information on that paper by folding the paper and fix it with a clip.

36. Defendants did not count or compensate Plaintiff Lin for overtime wages according to state and federal laws.

37. Defendants committed the following alleged acts knowingly, intentionally and willfully.

38. While employed by Defendants, Plaintiff Lin was not exempt under federal and state laws requiring employers to pay employees overtime.

39. Defendants did not provide Plaintiff and other employees with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wages
Brought on behalf of the Plaintiff]**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

42. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

43. Defendants' failure to pay Plaintiff his overtime pays violated the FLSA.

44. Here, Plaintiff Lin worked 56 to 60 hours a week throughout his employment with Defendants. At all relevant times, Plaintiff was paid at a daily fixed rate from $100 to $118 regardless of the actual number of hours he worked every day.

45. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff

for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

46. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

47. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

48. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff. Therefore, Plaintiff shall recover from Defendants his unpaid overtime wages, and in an additional equal amount as liquidated damages.

## COUNT II

**[Violations of the NJWHL—Overtime Wages
Brought on behalf of Plaintiff]**

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

52. Defendants' failure to pay Plaintiff his overtime pays violated the NJWHL.

53. Here, as discussed above, Plaintiff Lin worked 56 to 60 hours a week throughout his employment with Defendants. At all relevant times, Plaintiff was paid at a daily fixed rate from $100 to $118 regardless of the actual number of hours he worked every day.

54. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

55. The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

56. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

57. N.J. Stat. § 34:11-58 (b) provides that, an employer found to owe an employee wages shall pay the employee the wages owed plus liquidated damages equal to not more than 200% of the wages owed, exclusive of any costs or fees.

58. Defendants knowingly and willfully disregarded the provisions of the NJWH as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiff. Therefore, Plaintiff shall recover from Defendants his unpaid overtime wages, and in an additional equal amount as liquidated damages.

**Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, respectfully request that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

b) An injunction against IKKO Japanese Steakhouse LLC. d/b/a IKKO Hibachi Steak House & Sushi Bar, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid overtime wages due under FLSA and NYWHL, whichever is greater;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

e) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to NJWHL;

f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25.;

g) The cost and disbursements of this action;

h) An award of prejudgment and post-judgment fees; and

i) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself, demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York    HANG & ASSOCIATES, PLLC.

November 22, 2019         /s/ Qinyu Fan

Qinyu Fan, Esq.
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
qfan@hanglaw.com
*Attorneys for Plaintiff*

# **EXHIBIT 1**

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Ikko Japanese Steakhouse, Boh Zhu aka "A Bao", "John", Yong Wu aka Eric, "Jerry", and Xuezhong Chen and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_LIM MING_
Full Legal Name (print)

_[signature]_
Signature

04/11/2019
Date